UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

MICHAEL WAYNE PERRY, )
)
Petitioner, )
) 3 09 0652
v. ) No. 3:09mc0152
) Judge Campbell
DAVID MILLS, WARDEN, )
)
Respondent. )

## MEMORANDUM

The petitioner, a prisoner in the Morgan County Correctional Complex (MCCX) in Wartburg, Tennessee, brings this *pro se* action under 28 U.S.C. § 2254. He names David Mills, Warden at MCCX, as the respondent.

A Wilson County jury convicted the petitioner of felony first-degree murder, and second-degree murder. (Docket Entry No. 1, ¶¶ 3, 5-6) The petitioner was sentenced to life without parole. (Docket Entry No. 1, ¶¶ 3, 5) Judgment entered on July 28, 1999. (Docket Entry No., ¶ 2(a))

In a motion accompanying his petition, the petitioner asks the Court to grant him a "hearing on[n]this time barred petition." (Docket Entry No. 3) In an effort to justify late-filing his petition, the petitioner argues that he is an "uneducated man" with only an eighth-grade education, that he was unaware of the statute of limitations, and that he had "poor counsel." (Docket Entry No. 1, ¶ 18) The Court considers first whether the petition is untimely.

Petitions for federal *habeas corpus* relief filed after April 24, 1996 are subject to the Antiterrorism and Effective Death Penalty Act (AEDPA), Pub. L. No. 104-132, 110 Stat. 1214 (1996)(AEDPA). *See Martin v. Mitchell*, 280 F.3d 594, 602 (6th Cir. 2002)(citing *Lindh v. Murphy*, 521 U.S. 320, 326-27 (1977). Under the AEDPA, prisoners have one year within which to file a

petition for *habeas corpus* relief which runs from the latest of four (4) circumstances, one of which is "the date on which the [state court] judgment became final by the conclusion of direct review . . . ." 28 U.S.C. § 2244(d)(1)(A).

The one-year limitations period is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending . . . ." *Id.* at (d)(2); *see Ege v. Yukins*, 485 F.3d 364, 371 (6th Cir. 2007). However, any lapse of time before a state application is properly filed is counted against the one-year limitations period. *See Bennett v. Artuz*, 199 F.3d 116, 122 (2nd Cir. 1999), *aff'd*, 531 U.S. 4 (2000). When the state proceedings that tolled the limitations period concludes, the limitations period resumes at the point where it was tolled rather than beginning anew. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004)(citing *McClendon v. Sherman*, 329 F.3d 490, 494 (6th Cir. 2003)).

The petitioner asserts that the Tennessee Court of Criminal Appeals (the Court of Criminal Appeals) affirmed the judgment of the trial on April 6, 2001. (Docket Entry No. 1, ¶ 9(a)-(c)) The petitioner further asserts that the Tennessee Supreme Court affirmed his conviction, the inference being that the Tennessee Supreme Court granted his Rule 11 application for permission to appeal. (Docket Entry No. 1, ¶ 9(g)(3)) The petitioner claims, however, that he does not know the date of the Tennessee Supreme Court's decision. (Docket Entry No. 1, ¶ 9(g)(4)-(5))

The Court of Criminal Appeals' opinion on direct appeal does not, as is the norm, reflect that the petitioner sought review of his case in the Tennessee Supreme Court, successfully or otherwise. *State v. Perry*, No. M1999-01832-CCA-R3-CD, 2001 WL 334302 (Tenn. Crim. App.).[1] Neither of

---

[1] It is "the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an unnecessary answer." Rule 4, Rules – Section 2254 Cases, 1976 Advisory Committee Note (citing *Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970)). To that end, the Court "may order ['copies of state court opinions'] for . . . consideration if they are not yet included with the petition." *Id.* Because the petitioner did not provide

the two opinions entered by the Court of Criminal Appeals on post-conviction mention in their summary of prior proceedings that the Tennessee Supreme Court reviewed the petitioner's case on direct appeal. *Perry v. State*, No. M2005-01669-CCA-R3-PC, 2006 WL 680921 (Tenn. Crim. App. 2006); *Perry v. State*, No. M2003-02501-CCA-R3-PC, 2004 WL 1908810 (Tenn. Crim. App.). The Court's research also has not revealed any opinion entered by the Tennessee Supreme Court establishing that it considered the petitioner's case on direct appeal.

For the reasons explained above, the Court cannot determine when the AEDPA's one-year limitations period began to run based on the conclusion of direct review. Therefore, the Court assumes out of an abundance of caution that there was no break in time between when the petitioner's case concluded on direct review, and when he filed his petition for state post-conviction relief on July 26, 2002. *Perry*, 2006 WL 680921 at * 2.

Key to Court's analysis of timeliness in this action lies in the opinions of the Court of Criminal Appeals on post-conviction, a proceeding that the petitioner neglected to mention in his petition. In that action, the Court of Criminal Appeals affirmed the judgment of the post-conviction court on March 17, 2006. *Id.* at * 1. There is no indication in the Court of Criminal Appeals' opinion that the petitioner sought to pursue his appeal on post-conviction in the Tennessee Supreme Court, and the petition itself is silent on the issue. Accordingly, the Court concludes that the petitioner did not seek to pursue his appeal in the Tennessee Supreme Court on post-conviction.

Giving the petitioner credit for the 60 days in which he could have filed a Rule 11 application to appeal in the Tennessee Supreme Court on post-conviction, Rule 11, Tenn. R. App. P., the AEDPA's one-year limitations period would have run one year later on May 9, 2007, unless tolled

---

the information necessary to conduct a proper initial review under Rule 4, the Court had the authority to refer to relevant state court opinions during the course of its review.

by a properly filed application for state post-conviction or collateral review.

The petitioner asserts that he filed the first of two petitions for state *habeas corpus* relief on January 10, 2008. (Docket Entry No. 1, ¶ 11(a)(3)) However, January 10, 2008 was two hundred forty five (245) days – more than eight months – after the AEDPA's one-year limitations period ran on May 9, 2007. The filing of the petitioner's first state *habeas corpus* petition had no tolling effect on the AEDPA's one-year limitations period, because the limitations period had already run. Neither did the filing of his second petition for state post conviction relief.

The envelope in which the petitioner mailed his petition to the district court is postmarked July 7, 2009. This is the date that the petitioner is deemed to have filed his petition. Rule 3(d), Rules – Section 2254 Cases. Because the AEDPA's one-year limitations period was never tolled following post-conviction, the petitioner filed this action seven hundred eighty-nine (789) days – more than two years – after the AEDPA's limitations period ran on May 9, 2007. The petition is untimely just as the petitioner concedes. The next question is whether the petition is time-barred as well.

The one-year limitations period expressed in § 2244(d)(1) does not operate as a jurisdictional bar to *habeas corpus* petitions and can be equitably tolled, under exceptional circumstances. *Dunlap v United States*, 250 F.3d 1001, 1004, 1004 n. 1, 1005 (6th Cir. 2001). However, "[t]he petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers*, 308 F.3d 647, 653 (6th Cir. 2002)(citing *Dunlap*, 250 F.3d at 1001).

In *Dunlap*, the Sixth Circuit held that equitable tolling was applicable to *habeas corpus* petitions under the AEDPA. More particularly, the Sixth Circuit held that equitable tolling was appropriate only after the court has "properly considered and balanced the factors set out in *Andrews*

4

*v. Orr* unless there is congressional authority to the contrary." *Dunlap,* 250 F.3d at 1009. The factors to be considered under *Andrews v. Orr* are: 1) lack of actual notice of filing requirement; 2) lack of constructive knowledge of filing requirement; 3) diligence in pursuing one's rights; 4) absence of prejudice to the respondent; and 5) a petitioner's reasonableness in remaining ignorant of the notice requirement. *Id.* at 1008; *see Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988). The five factors considered in deciding whether to equitably toll a limitations period are not comprehensive, nor is each of the five factors relevant in all cases. *Humphreys v. Memphis Brooks Museum of Art, Inc.,* 209 F.3d 552, 561 (6th Cir. 2000).

The petitioner argues that the Court should "give [him] a break," because he is "an uneducated man." A poor education alone will not excuse a late filing. *See Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002). The petitioner's claim that he "knew nothing of law statutes [of] limitations" is equally unavailing. "[I]gnorance of the law alone is not sufficient to warrant equitable tolling." *Allen,* 366 F.3d at 402-03 (citing *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991)). Finally, even if the petitioner's claim that he had "poor counsel" at trial could be construed as an allegation that counsel also was responsible for the untimely filing of this action, it has long been held that attorney error is an inadequate basis for equitable tolling. *See Jurado v. Burt,* 337 F.3d 638, 644-45 (6th Cir. 2003).

The petitioner's arguments do not provide grounds for equitably tolling the AEDPA's one-year limitations period. Accordingly, this action will be dismissed as time-barred.

Where, as here, the district court denies *habeas corpus* on procedural grounds without reaching the merits of the petitioner's underlying constitutional claims, a certificate of appealability (COA) will issue only under the following conditions: 1) "that jurists of reason would find it

5

debatable whether the motion states a valid claim of the denial of a constitutional right"; and 2) "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Jurists of reason would not debate whether the Court was correct in dismissing this action as time-barred. Accordingly, a COA will not issue.

An appropriate order will be entered.

*[signature: Todd Campbell]*
Todd Campbell
United States District Judge